PHŒBE A. LINDRUM *et al.*, plaintiffs in error, *vs.* JAMES A. ROBSON, defendant in error.

The certificate of the former owner of a judgment, given since its assignment, that she had, on due reflection, become satisfied that said judgment was wrong, and that she was mistaken when the case was pending in Court, cannot affect the rights of the assignee.

Judgment. Equity. Before Judge ROBINSON. Baldwin Superior Court. August Term, 1872.

For the facts of this case, see the decision.

WILLIAM McKINLEY; CRAWFORD & WILLIAMSON, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants to enjoin the collection of an execution, and to vacate the judgment on which it issued. On the trial of the case, the jury found a verdict against the defendants, vacating the judgment. A motion was made for a new trial on the ground that the verdict was contrary to the charge of the Court, contrary to law and the evidence, which was overruled, and the defendants excepted. The complainant alleges in his bill that one of the defendants, Mrs. Robson, obtained a judgment against him in the Superior Court of Baldwin county, on a due bill given by him to her, for $500 00, on the 29th of August, 1871, on which judgment an execution issued and was assigned and transferred to Mrs. Lindrum on the 9th of October, 1871, by the plaintiff therein. Afterwards, on the 5th of December, 1871, the complainant obtained a certificate from Mrs. Robson, in which she stated that since the assignment of said judgment and execution to Mrs. Lindrum, she had, on due reflection, become satisfied that the said judgment was wrong, and that she was mistaken when the case was

pending in Court. The defendant, Mrs. Robson, in her answer to the discovery prayed for in complainant's bill, positively denies there was any error or mistake in said judgment, and that the recitals in said certificate are false and fraudulent, and that said paper was obtained from her by the complainant, fraudulently, and by threats of violence if she did not sign it. Mrs. Lindrum denies all knowledge of any error or mistake in the judgment at the time of the assignment thereof to her. The answer of Mrs. Robson as to the manner in which the paper was procured from her, was controverted by two witnesses. In our judgment, taking the allegations in the complainant's bill to be true, as well as the evidence offered in support thereof at the trial, he was not entitled to the relief prayed for, especially, as against the assignee of the judgment, who could not be affected by the declarations of Mrs. Robson contained in the certificate, after the assignment of the judgment by her. The Court erred in overruling the motion for a new trial.

Let the judgment of the Court below be reversed.